IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| XINDA WANG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:17CV470 |
| JANET YIJUAN FOU, | ) ) ) |
| Defendant. | ) ) |

RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Defendant/Counter Claimant Janet Yijuan Fou's Motion for Sanctions [Doc. #32] made pursuant to Federal Rules of Civil Procedure 37(b) and 37(d). Plaintiff Xinda Wang has filed a Response [Doc. #34], Defendant has filed a Reply [Doc. #35], and Plaintiff has filed a Response to Defendant's Reply [Doc. #36]. For the reasons set out below, the Court will recommend that Defendant's Motion for Sanctions be granted, that the Clerk enter default against Plaintiff as to Defendant's counterclaims, that Plaintiff's complaint be dismissed with prejudice, and that Defendant be awarded costs.

I.     FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff Xinda Wang commenced this action in state court on January 5, 2017. Thereafter, Defendant removed the matter to this Court pursuant to 28 U.S.C. § 1441. Plaintiff, a citizen of China, alleges that Defendant improperly filed a notice of *lis pendens* against Plaintiff's real property in Durham County, North Carolina, in an attempt to force payment for a judgment that a New Jersey court awarded to Defendant against Plaintiff.

Plaintiff claims that the filing of the notice constituted an abuse of process and that the filing and Defendant's subsequent failure to cancel the notice constitutes an unfair act in or affecting commerce. Plaintiff contends that Defendant's alleged conduct has injured Plaintiff by creating a cloud over the real estate, preventing Plaintiff from selling it.

Defendant has filed a counterclaim, contending that the notice of *lis pendens* against the real property at issue was lawfully ordered and authorized by the Superior Court in New Jersey. Defendant asserts that the Appellate Division of New Jersey affirmed the trial court's finding that Defendant's ex-husband, Joe Fou, "executed a series of fraudulent transfers of the property including the transfer to Plaintiff. . . ." (Answer [Doc. #5] at 3.) Defendant requests that the Court give Full Faith and Credit to the judgment and opinion of the New Jersey appellate court and that the real property at issue be transferred from the name of Plaintiff into the name of Defendant. Defendant further seeks damages, dismissal of Plaintiff's Complaint, and an award of costs.

In connection with the claims at issue, Defendant served Plaintiff with discovery requests. Defendant served Plaintiff with a Request for Production of Documents on June 14, 2017 [Doc. #19-1 at pp. 9-14] and with a Second Request for Production of Documents on August 31, 2017 [Doc. #19-1 at pp. 15-20].[1] Plaintiff failed to respond and failed to produce any documents. In addition, on June 14, 2017, Defendant noticed Plaintiff's deposition for July 21, 2017 [Doc. #19-1 at p. 23], but Plaintiff failed to appear. Counsel for Defendant sent a Letter on September 20, 2017 [Doc. #19-1 at p. 26] requesting responses to the discovery requests. On October 18, 2017, Defendant again served the document

---

[1] Citations are to the page numbers assigned by the CM/ECF system.

production requests and deposition notice [Doc. #19-1 at p. 25]. Plaintiff failed to respond and failed to appear at her deposition or provide any date for taking her deposition.

Thereafter, on October 27, 2017, Defendant filed a Motion to Compel Discovery [Doc. #19]. In an Order [Doc. #24] dated November 29, 2017, the Court granted Defendant's Motion. In considering the Motion, the Court found that Plaintiff's failure to participate in discovery and her failure to comply with her discovery obligations were without legitimate basis and unreasonable. The Court noted that, to the extent Plaintiff complained of the burdensomeness of participating in discovery in this District, that Plaintiff elected to file the case here and that the dispute involves Plaintiff's claim of ownership of property in this District. The Court also found that Plaintiff unreasonably failed to take advantage of alternative options offered by Defendant for conducting discovery and taking Plaintiff's deposition. The Court, considering the expense and effort already incurred by Defendant and the likelihood of future discovery disputes, found good cause to grant Defendant's Motion. The Court therefore ordered that Plaintiff respond to Defendant's Document Production requests by December 20, 2017, and to appear in this District for a deposition on January 10, 2018. In addition, the Court specifically warned Plaintiff that further failure to comply with her discovery obligations and failure to comply with the Court's Order would subject her to sanctions under Rule 37(b) and 37(d), which could include dismissal of Plaintiff's claims, entry of default against Plaintiff on Defendant's counterclaims, and an award of Defendant's costs and fees.

Despite the Court's November 29, 2017 Order, Plaintiff failed to produce complete responses to Defendant's Request for Documents and failed to appear for the Court-ordered

deposition. In light of Plaintiff's non-compliance, Defendant filed a Motion for Sanctions, seeking dismissal of Plaintiff's complaint, entry of default against Plaintiff as to Defendant's counterclaims, and an award of costs. On April 13, 2018, the Court granted that Motion in part, but allowed Plaintiff a final opportunity to cure her discovery failures. In that Order, the Court first noted that Plaintiff's document production was clearly deficient. Although Defendant requested documents related to (1) any real property Plaintiff owns, (2) a copy of Plaintiff and Plaintiff's husband's passports and licenses, and (3) plane tickets documenting all trips to the United States or payments for the same, Plaintiff limited her response to documents related to the Durham property at issue, without objecting or presenting any reasonable basis for objection as to the other requested documents. Moreover, the Court noted that even as to the property itself, Plaintiff's production of 6 pages of documents was clearly deficient where Plaintiff claimed to be a bona fide purchaser for value.

In addition, the Court found that Plaintiff's ongoing failure to appear for her deposition was in bad faith. Plaintiff contacted Defendant prior to January 10, 2018, requesting a later date for her deposition, contending that she was unable to travel from China due to early pregnancy. However, the Court noted that Plaintiff did not file any motions or notices with the Court or request an extension of the deadline set by the Court, despite prior warnings that non-compliance could result in severe sanctions. Further, documents submitted by Defendant reflected that Plaintiff's physician's notes supporting her purported inability to travel were of questionable validity.[2]

---

[2] The affidavit attached to Defendant's Reply indicated that the physician notes Plaintiff submitted were not signed by an actual physician at the designated hospital, that no doctor by the name of Hou Tianyin practices

The Court ultimately concluded that Plaintiff had continued to engage in an ongoing pattern of non-compliance with her discovery obligations and had ignored clear warnings from the Court. However, in light of Plaintiff's purported health concerns and the severity of sanctions requested, the Court extended to Plaintiff a final opportunity to cure her discovery failures and thus comply with her discovery obligations. In its April 13, 2018 Order, the Court directed Plaintiff to provide the remaining responsive documents and required her to appear for a deposition on May 17, 2018, or at an earlier date if agreed to by the parties. The Court further ordered Plaintiff to compensate Defendant for all costs and attorney's fees incurred by Defendant in attempting to obtain discovery and in litigating the Motion to Compel. This Court expressly informed Plaintiff that if she failed to cure her discovery failures or otherwise comply with this Court's Order, that "the Court will recommend dismissal of Plaintiff's claims and entry of default on Defendant's counterclaims as an appropriate sanction. . . ." (Order [Doc. #31] at 8.)

On May 24, 2018, Defendant filed the instant Motion for Sanctions, notifying the Court that Plaintiff failed to comply with the Court's Order. In the Motion, Defendant seeks entry of default against Plaintiff as to Defendant's counterclaims, dismissal of Plaintiff's complaint, and an award of costs and fees. (Def.'s Br. [Doc. #3] at 4.)

II. STANDARD

Federal Rule of Civil Procedure 37(d)(1)(A) gives the Court discretion to order sanctions against a party who "fails, after being served with proper notice, to appear for that

---

at Beijing Chaoyang Hospital, and that the notes do not follow the format the hospital requires and are not on official stationary with a personal signature of the physician.

[party's] deposition" or who "fails to serve its answers, objections, or written response" to a properly served request under Rule 34. Further, Rule 37(b) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." The Court may impose a host of sanctions, including, but not limited to, staying proceedings until the disobedient party complies with the order, dismissing the case in whole or in part, and rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Notably, the Court must also order the disobedient party to pay "the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

While the Court has broad discretion to impose sanctions against a party who fails to comply with a discovery order, the range of that discretion is more limited when the Court imposes default judgment as opposed to a less severe sanction. Riggins v. Steel Techs., 48 F. App'x 460, 462 (4th Cir. 2002) (citing Hatchcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995)). The Fourth Circuit has established four factors the Court must consider before imposing default judgment as a discovery sanction. Mutual Fed. Sav. & Loan Ass'n v. Richards & Assoc. Inc., 872 F. 2d 88, 92 (4th Cir. 1989). The Court must determine:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Id. (citing Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503-06 (4th Cir. 1977)). The

The application of the four-part test "will insure that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default. . . . In such cases, not only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct." Id. (internal citation omitted). The Fourth Circuit also requires that the Court generally warn a party of the "possibility of default before entering such a harsh sanction." Hatchcock v. Navistar Intern. Transp. Corp., 53 F.3d at 40.

III. DISCUSSION

In considering the parties' contentions, the Court notes that Plaintiff admits that she has "submitted no additional documents in response to the requests for production and has not appeared for her deposition." (Pl.'s Resp. [Doc. #34] at 3.) Plaintiff states that she supplied to Defendant all "relevant documents that were in her possession or otherwise available to her" and that she is, for medical reasons, unable to travel from China for her deposition.[3] (Id. at 4.) However, Plaintiff also indicates in her Response that she is the mother of a newborn, and that requiring her to travel for a deposition would not be reasonable. To the extent that Plaintiff is no longer alleging inability to travel due to early pregnancy, she has not articulated any medical reason why she is unable to travel for a deposition, nor has Plaintiff articulated any reason why she has, to date, been unable to provide complete responses to

---

[3] Indeed, Plaintiff notes in her Response that "[t]hese matters are covered in [P]laintiff's brief dated February 20, 2018." (Pl.'s Resp. at 4.)

7

Case 1:17-cv-00470-WO-JEP   Document 38   Filed 01/17/19   Page 7 of 11

Defendant's requests for production. Moreover, Plaintiff previously requested an April 2018 deposition date in light of the stage of her pregnancy, which the Court more than accommodated by ordering a May 17, 2018 deposition. In any event, the Court addressed Plaintiff's purported medical issues in its prior order in this case, and Plaintiff's renewed arguments, for which Plaintiff presents no additional support, do not adequately explain her ongoing failure to comply with her discovery obligations. This is particularly true where Plaintiff has engaged in a pattern of delay and discovery failures for which Plaintiff has already been admonished.

Plaintiff relies heavily on her contentions that Defendant had no basis for filing a notice of *lis pendens* and that the New Jersey court order in the underlying case in this matter is void. However, Plaintiff's arguments relate only to the substance of the claims and counterclaims in this matter and do not justify Plaintiff's repeated disregard of her discovery obligations or this Court's orders. Moreover, the underlying claims in this case reflect that Defendant's ex-husband fraudulently transferred the property at issue to Plaintiff in an effort to conceal his assets from Defendant and to avoid equitable distribution. Plaintiff has failed to participate in discovery and has failed to provide any basis to support Plaintiff's claims or dispute Defendant's counterclaims. Given the nature of the allegations, the Court has considerable concerns with respect to permitting further delay of resolution of this litigation, particularly where Plaintiff continuously fails to produce discovery demonstrating that she is a bona fide purchaser for value of the property at issue, and where the delay in this litigation is caused by Plaintiff's bad faith failure to participate in discovery and appears to be a part of a larger pattern that was the basis for the Judgment entered by the New Jersey court.

Given Plaintiff's ongoing failure to abide by her discovery obligations and to comply with this Court's prior orders, the Court finds that sanctions are appropriate. First, the Court finds that Plaintiff continues to act in bad faith in failing to participate appropriately in discovery. Plaintiff has ignored multiple attempts by both defense counsel and this Court to obtain responsive documents and for Defendant to depose Plaintiff, despite defense counsel providing Plaintiff with alternative options for her appearance. Plaintiff now requests, out of time, both a telephonic deposition and an extension of time to produce responsive documents, despite prior contentions that she already produced all relevant documents in her possession or otherwise available to her. To the extent she now requests more time, despite the passage of many months, Plaintiff fails to articulate why she has still failed to actually produce the requested documents. Plaintiff also fails to articulate to the Court why a telephonic deposition is now both feasible and appropriate, following Plaintiff's failure to appear for two depositions ordered by this Court. Plaintiff continues to disregard this Court's orders and her discovery obligations even after the Court expressly admonished Plaintiff that doing so would result in severe sanctions, including dismissal and entry of default against Plaintiff with respect to Defendant's counterclaims. In light of the above, the Court finds that Plaintiff's failure to participate in discovery and her continued non-compliance with this Court's orders are in bad faith.

Second, the Court finds that Plaintiff's ongoing failure to fulfill her discovery obligations prejudices Defendant. As the Court previously noted in its prior order, Defendant has already incurred expense and effort in attempting to obtain discovery prior to filing the current Motion for Sanctions. In continuing to pursue sanctions related to Plaintiff's discovery

9

failures, Defendant incurs unnecessary expense in this litigation, which is wholly attributable to Plaintiff. Despite the Court ordering Plaintiff to compensate Defendant for its expenses in bring its Motion to Compel, Defendant has failed to do so. In addition, Defendant still has not received complete discovery responses. "It is obvious that this prejudices [Defendant's] ability to defend against Plaintiff's claims." Joyner v. Eckard Family Youth Alts., Inc., 4:09-CV-166-F, 2010 WL 3743766, at *2 (E.D.N.C. Sept. 23, 2010).

Third, it is clear that the Court needs to deter litigants from ignoring this Court's orders and engaging in a pattern of non-compliance with their discovery obligations. "By refusing to participate or respond, [Defendant] intentionally delays the swift administration of justice, and the Court must deter such activity." United States v. $43,660.00 in U.S. Currency, No. 1:15CV208, 2016 WL 527065, at *2 (M.D.N.C. Feb. 9, 2016). Plaintiff's efforts to continue to delay cannot be condoned in light of the Court's need to manage its docket, in light of the serious allegations pled, and the need to deter future disrespect for the judicial system. See Mutual Fed. Sav. & Loan Ass'n, 872 F.2d at 93.

Finally, the Court finds that there are no less drastic sanctions available in this case. Plaintiff has repeatedly delayed discovery and disregarded the Court's express admonition that continued failure to abide by her discovery obligations and this Court's orders would result in severe sanctions, including dismissal of Plaintiff's claims, entry of default against Plaintiff as to Defendant's counterclaims, and an award of costs and fees arising from Defendant's litigation of these discovery disputes. In her Response to the Court, Plaintiff recognizes her non-compliance to date, but does not provide adequate justification for her failure to cure such non-compliance. Plaintiff does not provide the Court with any basis to conclude that

further opportunity for Plaintiff to cure her discovery failures would prove effective. Given the history and findings set out above, the Court finds that less drastic sanctions have proved ineffective.

IT IS THEREFORE RECOMMENDED that Defendant's Motion for Sanctions [Doc. #32] be GRANTED, that the Clerk enter default against Plaintiff as to Defendant's counterclaims, that Plaintiff's claims be dismissed with prejudice, and that Defendant be awarded costs and fees incurred in bringing the Motion to Compel and the Motions for Sanctions.

This, the 17th day of January, 2019.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge