IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| XINDA WANG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17CV470 |
| | ) | |
| JANET YIJUAN FOU, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before this court for review of the Recommendation filed on January 17, 2019, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 38.) In the Recommendation, the Magistrate Judge recommends that Defendant's Motion for Sanctions, (Doc. 32), be granted, that the Clerk enter default against Plaintiff as to Defendant's counterclaims, that Plaintiff's claims be dismissed with prejudice, and that Defendant be awarded costs and fees incurred in bringing the Motion to Compel and the Motion for Sanctions. The Recommendation was served on the parties to this action on January 17, 2019 (Doc. 39). Plaintiff timely filed objections (Doc. 40) to the Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

Plaintiff raises three objections which relate directly to the Magistrate Judge's Recommendation. Plaintiff states that "her noncompliance has not been malicious and has caused no long-term prejudice to the defendant . . . [and] the proposed punishment is simply too harsh to fit the plaintiff's conduct." (Doc. 40 at 1.) While Plaintiff argues the merits of her claim in her objections, Plaintiff offers no facts which would rebut the well-reasoned opinion of the Magistrate Judge. Contrary to Plaintiff's argument that Plaintiff's noncompliance has not been malicious, this court notes that Plaintiff's counsel alleged in November 2017 that he "has attempted repeatedly to get the plaintiff's responses to the defendant's request for production, and he will continue to do so." (Doc. 20 at 1.) By that allegation, it is clear that Plaintiff, not counsel, is responsible for delays in discovery. In that same pleading, Plaintiff claimed, without support, that it would be "unduly burdensome to require the plaintiff to come to North Carolina for a deposition." (Id.) If Plaintiff had some genuine basis

upon which to claim undue burden in appearing for her deposition, Plaintiff should have brought that to her counsel's attention before the agreed-upon Joint Rule 26(f) report was submitted or by way of a protective order, not as an excuse for failing to appear after efforts had been made to conduct discovery in accordance with the original report, (Doc. 11), and the order adopting that report (Doc. 13). Plaintiff's failure to appear for deposition and failure to provide responses to discovery violates three orders of the court: the original consented to discovery order, (Doc. 13), entered September 1, 2017; the order issued by the Magistrate Judge on November 29, 2017, (Doc. 24); and an order issued by the Magistrate Judge on April 13, 2018, (see Doc. 31).

This court has appropriately reviewed[1] the portions of the Recommendation to which objections were made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 38), is **ADOPTED. IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions, (Doc. 32), is **GRANTED**, that the

---

[1] This court has reviewed the "Supplementary Memo" (Doc. 41) and finds that is it not timely nor does it change the analysis.

Clerk enter default against Plaintiff as to Defendant's counterclaims, that Plaintiff's claims are dismissed with prejudice, and that Defendant is awarded costs and fees incurred in bringing the Motion to Compel and the Motion for Sanctions.

This the 12th day of March, 2019.

/s/ William L. Osteen, Jr.
United States District Judge